Carlos Armando ORTEGA,
Plaintiff–Appellant,

v.

Mark RITCHIE, M.D.; et al.,
Defendants–Appellees.

No. 13–17127.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2015.*

Filed Feb. 2, 2015.

Carlos Armando Ortega, Napa, CA, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark Francis Bernal, San Jose, CA, for Defendants–Appellees.

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Carlos Armando Ortega appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust his available administrative remedies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo legal rulings on the exhaustion of administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir.2014) (en banc). We affirm.

The district court properly concluded that Ortega failed to exhaust his administrative remedies because Ortega did not appeal the relevant grievance decisions to the final level of review before presenting his claims to the district court. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

Because we affirm on the basis of Ortega's failure to exhaust, we do not address Ortega's contentions concerning the merits of his claims.

We lack jurisdiction to consider the district court's post-judgment order denying Ortega's motion for reconsideration because Ortega failed to file a new or amend-

ed notice of appeal from that order. *See* Fed. R.App. P. 4(a)(4)(B)(ii).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

